**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br>Ex rel. BRIAN BURKE,<br><br>      Plaintiff,<br><br>  -against-<br><br>RECORD PRESS, INC.,<br><br>      Defendant. | Case No. 1:08-CV-00364 (EGS)<br><br>**ANSWER TO**<br>**PLAINTIFF'S VERIFIED**<br>**COMPLAINT** |

  Defendant Record Press, Inc. ("Record Press"), by and through undersigned counsel, files this Answer to the Verified Complaint ("Complaint") by Plaintiff Brian Burke ("Burke") and states as follows:

  1. Defendant denies the allegations in paragraph 1 of the Complaint, but admits that Plaintiff alleges and purports to bring this action in the name of the United States Government.

  2. Defendant denies the allegations in paragraph 2 of the Complaint, but admits that Plaintiff alleges and purports to bring this action pursuant to the Federal False Claims Act and seeks treble damages and civil penalties.

  3. Defendant denies it submitted false or fraudulent claims and denies knowledge or information sufficient to form a belief as to the truth of the allegations in the balance of paragraph 3 of the Complaint.

  4. Defendant denies the allegations in paragraph 4 of the Complaint but admits defendant is a privately held corporation located in New York and is a printer for Court matters.

5. Defendant denies the allegations in paragraph 5 of the Complaint and respectfully refers all questions of law to the Court, but admits that Plaintiff alleges that jurisdiction is proper under the cited statutes.

6. Defendant denies the allegations in paragraph 6 of the Complaint, but admits that Plaintiff alleges that jurisdiction is proper under the cited statutes.

7. Defendant denies the allegations in paragraph 7 of the Complaint, but admits that Plaintiff alleges that venue is proper under the cited statutes.

8. Defendant denies knowledge or information as to the allegations in paragraph 8 that Plaintiff purportedly filed the Complaint under seal and that the Complaint had been under seal for at least 60 days and was not served until the Court so ordered.

9. Defendant denies the allegations in paragraph 9 of the Complaint, but admits that Plaintiff alleges that jurisdiction is proper under the cited statutes.

10. Defendant denies the allegations in paragraph 10 of the Complaint, but admits it has a contract with the U.S. Government Printing Office ("GPO") for the printing and binding of appellate briefs and appendices filed by the United States Attorney's Office for the Southern District of New York ("Contract").

11. Defendant denies the allegations in paragraph 11 of the Complaint, but admits that it submitted a bid in response to the GPO's Request For Proposal ("RFP").

12. Defendant denies the allegations in paragraph 12 of the Complaint, but admits that its Contract with the GPO incorporated the terms, conditions, and specifications of the RFP.

13. Defendant denies the allegations in paragraph 13 of the Complaint, but admits that it has billed the GPO in accordance with the terms of the Contract.

14. Defendant denies the allegations in paragraph 14 of the Complaint.

15. Defendant denies the allegations in paragraph 15 of the Complaint, but admits that it billed the GPO for printing and binding services provided in the action entitled *Brian T. Burke v. Donald L. Evans* (Docket No. 06-1917-cv) in the United States Court of Appeals for the Second Circuit.

16. Defendant denies the allegations in paragraph 16 of the Complaint, but admits that Hugh Wilmot of Record Press spoke on the telephone with Plaintiff.

17. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, but admits that Hugh Wilmot of Record Press spoke on the telephone with Plaintiff.

18. Defendant denies the allegations in paragraph 18 of the Complaint, but admits that Hugh Wilmot of Record Press spoke on the telephone with the Plaintiff.

19. Defendant denies the allegations pertaining to Defendant's purported violation of the "GPO contract" in paragraph 19 of the Complaint, and denies knowledge or information sufficient to form a belief as to the truth of the other allegations in the same paragraph.

20. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint, but admits that it is in possession of its invoices to and contract with the GPO.

21. Defendant denies the allegations in paragraph 21 of the Complaint.

22. Defendant denies the allegations in paragraph 22 of the Complaint.

23. Defendant denies the allegations in paragraph 23 of the Complaint and respectfully refers the Court to the RFP for its true, complete and accurate contents.

24. Defendant denies the allegations in paragraph 24 of the Complaint, but admits that it is a contractor of the GPO.

## ANSWERING COUNT I

25. Defendant incorporates its responses to paragraphs 1 through 24 of the Complaint as if the same were fully set forth herein.

26. Defendant denies the allegations in paragraph 26 of the Complaint, and respectfully refers all questions of law to the Court.

## ANSWERING COUNT II

27. Defendant incorporates its responses to paragraphs 1 through 26 of the Complaint as if the same were fully set forth herein.

28. Defendant denies the allegations in paragraph 27 of the Complaint, and respectfully refers all questions of law to the Court.

**Affirmative Defenses**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint is barred and fails to state a cause of action because all or some of Plaintiff's claims against Defendant are barred by the applicable statute of limitations.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's Complaint is barred and fails to state a cause of action due to improper and/or inconvenient venue.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's Complaint is barred and fails to state a cause of action because Plaintiff has unclean hands as a result of his acts and omissions in the matters referenced in and related to the Complaint.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint is barred and fails to state a cause of action because Plaintiff made fraudulent misrepresentations and/or omissions regarding the matters referenced in and related to the Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint is barred and fails to state a cause of action because Plaintiff lacks standing.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred because it fails to state a claim upon which relief can be granted.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred and fails to state a cause of action because this action is based upon a public disclosure and Plaintiff is not the original source.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred and fails to state a cause of action because some or all of Plaintiff's claims are barred by estoppel.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred and fails to state a cause of action because some or all of Plaintiff's claims are barred by laches.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred and fails to state a cause of action because some or all of Plaintiff's claims are barred by the Government's knowledge. *See*, *e.g.*, *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 289 (4th Cir. 2002).

Defendant reserves the right to assert additional affirmative defenses in this action.

Wherefore, Defendant denies all allegations in the Complaint that are not specifically admitted herein, and denies that Plaintiff is entitled to any relief whatsoever. Defendant

respectfully prays that the Complaint be dismissed with prejudice; that Defendant be awarded its reasonable attorneys' fees and costs; and for such other and further relief as the Court deems appropriate.

## COUNTERCLAIMS

Defendant Record Press, by and through its undersigned counsel, brings the following Counterclaims and allege as follows:

1. The counterclaims herein are asserted by Defendant against Plaintiff Brian Burke.

2. Jurisdiction over the counterclaims is proper in this Court under 28 U.S.C. § 1367 and venue is proper under 28 U.S.C. § 1391.

## COUNT I
## TORTIOUS INTERFERENCE WITH
## PROSPECTIVE ECONOMIC ADVANTAGE

3. Defendant incorporates by reference the foregoing paragraphs of its Counterclaims as if the same were fully set forth herein.

4. Defendant had and has a business relationship with the GPO, exemplified by Defendant's Contract with the GPO. Based on that relationship, including the fact that the GPO awarded Defendant the Contract, there was a probability and expectancy of future economic benefit to Defendant in the form of continued expanding business with the GPO.

5. Plaintiff knew of Defendant's relationship with GPO and its expectancy of continued expansion of business with GPO.

6. Plaintiff contacted the GPO and other government agencies and falsely accused Defendant of improprieties for the purpose of harming Defendant and seeking to injure and/or end Defendant's business relationship with the GPO.

7. As such, Defendant has been damaged by Plaintiff's willful, wanton, and intentional interference, by improper methods, with its prospective economic advantage.

WHEREFORE, Defendant seeks compensatory and punitive damages in an amount to be proved at trial.

Dated: Washington, D.C.
July 28, 2008

        Respectfully submitted,

        McKenna Long & Aldridge LLP

        By: /s/ William T. O'Brien
            Jack Horan (DC Bar No. 417729)
            William O'Brien (DC Bar No. 450891)
            1900 K Street, NW
            Washington, D.C. 20006
            (202) 496-7500

        and

        Of Counsel:

        Malcolm I. Lewin
        Morrison Cohen LLP
        909 Third Avenue
        New York, New York 10022
        (212) 735-8600
        *Attorneys for Defendant*
          *Record Press, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2008, I served the foregoing Answer to Plaintiff's Verified Complaint via first class mail, postage prepaid on:

>Mark Hanna, Esq.
>Keira M. McNett, Esq.
>Joni S. Jacobs, Esq.
>DAVIS COWELL & BOWE LLP
>1701 K Street, N.W., Suite 210
>Washington, D.C.  20006

>Darrell C. Valdez, Esq.
>U.S. Attorney's Office
>Judiciary Center Building
>555 Fourth Street, N.W.
>Washington, D.C.  20530

and via the Court's Electronic Case Filing System ("ECF").

>/s/ William T. O'Brien
>William T. O'Brien