UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> ex rel. BRIAN BURKE <br>       Plaintiff/Relator, <br>       v. <br> RECORD PRESS, INC. <br>       Defendant. | : <br> : <br> : Civil Action No. 1:08-cv-364 (EGS) <br> : <br> : <br> : <br> : <br> : <br> : |

**RELATOR'S SURREPLY MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT TO DISMISS THE COMPLAINT**

Plaintiff/Relator Brian Burke ("Burke" or "Relator") respectfully opposes Defendant Record Press, Inc.'s ("Record Press" or "Defendant") Corrected Reply Memorandum In Further Support of Motion For Summary Judgment To Dismiss The Complaint, as set forth below.  Objections to the Reply Declaration of Hugh Wilmot are served and filed simultaneously herewith.

Defendant's reply papers present an additional interpretation of the language in dispute here that was not relied upon in the original motion.  This additional interpretation highlights the factual issue in dispute, confirming that summary judgment is inappropriate and that discovery should proceed in the normal course.  Alternatively, it supports Relator's request under Rule 56(f) for a continuance to conduct limited discovery as to GPO's position on the language in question.

1

1. **Defendant's Reply Papers Raise Additional Factual Disputes That Make Summary Judgment Inappropriate.**

When threatening Rule 11 sanctions back in August 2008, Defendant took the position that the 10-copy run limitation at issue in this lawsuit applies only to the "Complete Cover" and "Text Per Page" specifications in Section II of the RFP, and does not apply to collating, trimming and binding charges.  Declaration of Mark Hanna In Opposition to Defendant's Motion For Summary Judgment [Dckt. #20] ("Hanna Decl."), ¶ 2, Ex.  A.  Defendant repeated this interpretation in its Statement of Undisputed Material Facts.  [Dckt. # 17], ¶ 3.

Now, Defendant takes the position that the "running rate is per 10 copies" language does not apply to any specification in the contract.  Defendant contends that this phrase only applies to bids received in the RFP process -- that is, bidders are to base their bids on a running rate of 10 copies so that the GPO has a basis for comparing the bids.  Defendant's Reply Declaration [Dckt. #21], ¶¶3-4.

Defendant's shifting positions on what this phrase means and to what it applies makes summary judgment inappropriate.  *Rogers Corp. v. EPA*, 275 F.3d 1096, 1103 (D.C. Cir. 2002); *Farmland Indus., Inc. v. Grain Bd. of Iraq*, 904 F.2d 732, 736 (D.C. Cir. 1990).

<u>Both</u> interpretations Defendant has offered are contradicted by the plain language of the contract.  Neither explanation appears on the face of the relevant  contract provision:

```
NOTE: RUNNING RATE IS PER 10 COPIES

                                                  Running Per
                                                   10 Copies
  Includes makeready if required:                 ----------

  (a) Complete cover (wraparound)..............................$_____

  (b) Text per page...........................         .........$_____

  (c) Pressure sensitive cover stock (up to 8-1/2 x 11"):

      (1) White...................................per 100 leaves......$_____

      (2) Colored................................per 100 leaves......$_____

  (d) Collating, trimming to size and binding    per 100 pages     $_____
```

Likewise, Defendant has not pointed to any other part of the contract that supports either of its proffered explanations. Further, Defendant's interpretations are contradicted by information provided to Relator by GPO officials. For these reason, the Court should deny Defendant's motion for summary judgment and allow discovery in the normal course.

**2. At a Minimum, These Factual Disputes Support A Continuance For Discovery.**

Alternatively, the Court should grant Relator's request for a continuance to conduct discovery, pursuant to Rule 56(f). This Court has previously noted that "Often, 'summary judgment motions [are] premature until all discovery has been completed.' [Cit. om.] Summary judgment is premised on the notion that the parties will have had 'adequate time for discovery' to establish whether a genuine issue of material fact exists. [Cit. om.] A plaintiff is not required to establish a *prima facie* case at the pleading stage, nor is a plaintiff required to defend against a motion for summary judgment without first having had the benefit of discovery. [Cit. om.]" *Chandler v. Bernanke*, 531 F.Supp.2d

3

193, 199 (D.D.C. 2008) (denying summary judgment motion where plaintiff had not had opportunity to conduct discovery).

In opposing Relator's request for a Rule 56(f) continuance for discovery, Defendant argues that Relator has not produced evidence that would permit a reasonable jury to find in his favor. (Corrected Reply MPA [Dckt. #22] at p. 4.) This is, of course, to be expected given that Relator has had no opportunity to conduct discovery. Defendant filed its motion for summary judgment before the Court even conducted a scheduling conference that would have set a discovery cutoff date. Courts have noted that "[T]he purpose of Rule 56(f) is to prevent railroading the non-moving party through a premature motion for summary judgment before the non-moving party has had the opportunity to make full discovery." *Bancoult v. McNamara,* 217 F.R.D. 280, 282 (D.D.C.2003) (internal quotation marks omitted). Here, that is exactly was Defendant is hoping to do—railroad through a premature summary judgment motion before any discovery has been conducted.

Defendant argues that Relator has not met the standard for a Rule 56(f) continuance because he has not identified what information he believes he can illicit through discovery and why such information would create a triable issue of fact. (Corrected Reply MPA [Dckt. #22] at pp. 5-6.) This is flatly wrong. Relator stated in his declaration opposing summary judgment that Calvin Anderson, the GPO's Chief of the Commercial Examination Section in the Office of the Controller's Procurement Accounting Division, specifically told Relator that the "per 10 copies" limitation applies to charges for binding, and that the charge for binding applies to each 10-copy run of the

4

brief, rather than for each separate copy of the brief.  (Burke Decl. [Dct. #20], at ¶ 6 .)  If Relator was allowed to take the deposition of Mr. Anderson, he could develop admissible evidence that he could present to the jury to prove that Defendant has overcharged the Government.  Further, Relator has sought to take the deposition of the GPO's "30(b)(6)" as to specific, discrete areas of inquiry related to the RFP/contract in dispute here.  *See, e.g., Chappell-Johnson v. Powell,* 440 F.3d 484, 486 (D.C. Cir. 2006) (granting Rule 56(f) continuance where plaintiff identified specific areas for discovery, including "the process by which grade levels are determined for vacant positions ... and the reasons why [the] vacancy ... was not filled").  Rather than asking to conduct a vague fishing expedition in the hopes that something might turn up, Relator has identified specific facts that will lead to triable issues regarding the contract in dispute and whether Defendant has been overcharging the Government.

Defendant's authority is inapposite.  In *Messina v. Krakower*, 439 F.3d 755 (D.C. Cir. 2006), plaintiff in a defamation action sought to take additional depositions of witnesses to ascertain the scope and extent of dissemination of the defamatory material.  Because she failed to show any reason why she believed the defamatory material was disseminated beyond what other witnesses had already testified to, the court determined that there was no abuse of discretion in denying her the opportunity to take the depositions.  439 F.3d at 762-63.  In *Strang v. United States Arms Control & Disarmament Agency*, 864 F.2d 859 (D.C. Cir. 1989), the plaintiff sought to take discovery to oppose summary judgment, arguing that it would be "invaluable" and would allow her to "test and elaborate the affidavit testimony" already entered in the case.

5

Because the plaintiff had not offered a reason to question the veracity of the affidavits, the court rules that there was no abuse of discretion in granting summary judgment without allowing additional discovery. 864 F.2d at 861. *Cf. Simmons Oil Corp. v. Tesoro Petroleum Corp.*, 86 F.3d 1138, 1144 (Fed. Cir. 1996) (where basis of summary judgment motion was whether statute of limitations was blown, it was not abuse of discretion to deny requested discovery that was directed to the merits of the claim rather than the issue of fraudulent concealment for tolling purposes); *Carpenter v. Federal Nat'l Mortgage Ass'n*, 174 F.3d 231, 237 (D.C. 1999) (no abuse of discretion to deny discovery where plaintiff opposing summary judgment on racial discrimination claim showed no basis to suggest that proffered reasons by employer were pretextual). Further, the context of Defendant's authority makes them inapposite. In <u>each</u> of the cases relied upon by Defendant, significant discovery had already been conducted by the parties.

By contrast, Defendant seeks summary judgment before a scheduling conference has even been held and before <u>any</u> discovery has been conducted at all. Even so, Relator has identified the facts to be discovered that would present a triable issue of fact. *Cf. Dunning v. Quander*, 468 F.Supp.2d 23, 27 n.5 (D.D.C. 2006). Relator's declaration states that Calvin Anderson at GPO told him, in essence, that Defendant's interpretation of the contract is incorrect and that Defendant has been overcharging for collating, binding and trimming costs. The deposition of Calvin Anderson and other GPO officials is therefore necessary to develop admissible evidence that will create a triable issue of fact as to whether Defendant has been overcharging the Government. Neither Relator nor Defendant can testify in an admissible form as to the GPO's position. Relator has

6

presented a reason to believe that Mr. Anderson would testify that the GPO's interpretation contradicts Defendant's interpretation.

Defendant seems to argue that the discovery Relator seeks is not necessary because AUSA Valdez has indicated that he does not believe the contract is ambiguous or needs interpretation. (Corrected Reply MPA [Dckt. # 22], at p. 4.) Mr. Valdez' legal opinion is neither admissible evidence nor relevant to the issues before the Court. Relator has presented facts, including the plain language of the RFP, which, if developed through discovery, will lead to admissible evidence establishing that the terms of the contract are being violated by Record Press. This discovery will either prove or disprove Relator's case. Only after such discovery would summary judgment be appropriate.

### 3. Conclusion

In summary, Relator respectfully requests Defendant's premature motion for summary judgment be denied and attorneys' fees for opposing this premature motion be awarded to Relator.

Dated: November 7, 2008                     Respectfully submitted,

/s/ Mark Hanna
Mark Hanna (DC Bar 471960)
Keira M. McNett (DC Bar 482199)
MURPHY ANDERSON PLLC
1701 K Street, NW, Suite 210
Washington, DC 20006
Phone: (202) 223-1057
Fax: (202) 223-8651
*mhanna@murphypllc.com*
*kmcnett@murphypllc.com*

Attorneys for Plaintiff/Relator

# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES ex rel.<br>BRIAN BURKE,<br><br>    Plaintiff/Relator,<br><br>v.<br><br>RECORD PRESS, INC.,<br><br>    Defendant. | Case No. 1:08-CV-00364 (EGS) |

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2008, I served the foregoing Relator's Surreply Memorandum of Points and Authorities in Opposition to Defendant's Motion for Summary Judgment to Dismiss the Complaint via first-class mail on the following:

> Malcolm I. Lewin
> Morrison Cohen LLP
> 909 Third Avenue
> New York, NY  10022
>
> Attorney for Defendant

All other parties were served via the Court's electronic case filing system.

                                            /s/ Mark Hanna_____