# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

**BRIAN BURKE,**

                              **Plaintiff,**

        **vs.**

                                                    **Civil Action No. 1:08-CV-00364-DAR**

**RECORD PRESS, INC.**

                              **Defendant.**

## RECORD PRESS INC.'S OPPOSITION TO RELATOR'S EMERGENCY MOTION FOR EXPEDITED RULING ON LEAVE TO ADMIT EXPERT TESTIMONY AND TO CONTINUE TRIAL DATE

Defendant Record Press, Inc. respectfully requests that the Court deny Plaintiff Brian Burke's last minute attempt to delay final resolution of this case by asking the Court to postpone the December 21 trial and reopen expert discovery for inadmissible opinion testimony concerning a legal conclusion. Mr. Burke's identification of an expert witness comes just six days before trial, nearly three months after a Court ordered deadline for Plaintiff to serve any expert reports, and without any legitimate justification. Record Press is fully prepared for trial on December 21 and any continuance of the trial date would unfairly and needlessly delay the resolution of this case and add to Record Press's costs.

## I. BURKE'S UNTIMELY IDENTIFICATION OF AN EXPERT JUST SIX DAYS BEFORE TRIAL IS WITHOUT JUSTIFICATION

Burke filed this case well over two years ago on February 29, 2008. (Docket No. 1.) The Court ordered that Burke designate his expert witnesses by April 1, 2010. (*See* Jan. 25, 2010 Minute Order.) On April 1, 2010, Burke identified the name of an expert witness, but failed to provide the disclosures required by Fed. R. Civ. P. 26(a)(2)(B). (*See* Docket No. 41, Joint Motion to Continue Expert Discovery.) Instead of moving to exclude Burke from offering any

expert testimony given Burke's failure to comply with Fed. R. Civ. P. 26(a)(2)(B), Record Press offered to defer expert discovery until after dispositive motions. Burke agreed and the parties jointly filed a Motion to Continue Expert Discovery asking the Court to set a September 21, 2010 deadline for Plaintiff to serve an expert report with the disclosures required by Fed. R. Civ. P. 26(a)(2). (*See id.*) Burke failed to serve any expert reports by the agreed upon and Court ordered September 21, 2010 deadline.

The Court originally scheduled trial for December 4, 2010, but at the November 3, 2010 Pre-Trial Conference the Court told the parties trial needed to be rescheduled. The Court rescheduled the trial for December 21, 2010, which was the next earliest date on which the parties, counsel and Court were all available. Burke filed a untimely Second Supplement Pre-Trial Statement on December 14, 2010, in which Burke provided an itemization of damages for the first time, but did not indicate that Burke had identified an expert witness.

"A party that 'without substantial justification fails to disclose information required by ... Rule 26(a) ... is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion, any witness or information not so disclosed.'" *Mitchell v. Bannum, Inc.*, Civil Action No. 06-491, 2007 WL 3054863, *1 (D.D.C. Oct. 19, 2007) (citing Fed.R.Civ.P. 37(c)(1); LCvR 26.2(a)). This Court, accordingly, has excluded expert testimony when a party named an expert for the first time just seventeen days after the close of discovery and when a trial date had not yet been scheduled. *Id*; s*ee also* Civil Action No. 06-491, Docket No. 20 (D.D.C. Sept. 24, 2007). In that case, the party did not even become aware of the need for expert testimony until after she was able to depose certain witnesses for the first time just two weeks before she identified an expert. *Id*.

Here, Burke identified an expert just six days before trial and nearly three months after a Court ordered deadline, to which Burke agreed, for Burke to disclose any expert reports in this case. Burke's excuse for failing to timely disclose an expert and expert report is simply that despite his "diligent and continuous efforts" he was unable to obtain an expert witness until just six days before trial. Not surprisingly, Burke cites no authority even suggesting that an inability to find an expert witness willing to opine is substantial justification for untimely disclosure of an expert witness, let alone a disclosure just six days before trial. Notably, Burke never requested a stay of the case or expert discovery, nor ever informed the Court or Record Press about his inability to find an expert witness before the September 21, 2010 deadline.

II.     **ANY CONTINUANCE OF THE TRIAL DATE WOULD UNFAIRLY AND NEEDLESSLY PREJUDICE RECORD PRESS BY DELAYING RESOLUTION OF THIS CASE AND ADDING TO RECORD PRESS'S COSTS**

In seeking to delay trial, Burke concedes that permitting the untimely disclosed expert to testify at trial on December 21 would prejudice Record Press. Further delay of the resolution of this case, however, would also prejudice Record Press. Record Press has been forced to spend substantial amounts of money in legal fees and costs defending against a serial litigator's allegations that Record Press defrauded the government by overcharging the United States Government Printing Office ("GPO") for printing services despite the GPO's confirmation that Record Press properly charged the contract price. Record Press is fully prepared for trial on December 21 and any continuance of the trial date would unfairly and needlessly delay the resolution of this case and add to Record Press's costs.

Indeed, the opinion Burke's expert purportedly intends to offer concerns the interpretation of a contract. Expert opinion on the interpretation of a contract is inadmissible. *See*, *e.g.*, *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) ("The interpretation of a contract is an issue of law. . . Expert testimony is not proper for issues of

law."); *Sheet Metal Workers, Int'l Ass'n, Local Union No. 24 v. Architectural Metal Works, Inc.*, 259 F.3d 418, 424 n. 4 (6th Cir. 2001) ("the opinions of percipient or expert witnesses regarding the meaning(s) of contractual provisions are irrelevant and hence inadmissible.").

## **CONCLUSION**

For these reasons Record Press respectfully requests that the Court deny Plaintiff Burke's motion for leave to admit untimely disclosed expert testimony and to continue the trial date.

Date:   December 16, 2010                    Respectfully submitted,

                                             /s/ John W. Lomas, Jr.
                                             John G. Horan (DC Bar No. 417729)
                                             William T. O'Brien (DC Bar No. 450891)
                                             John W. Lomas, Jr. (DC Bar No. 976555)
                                             MCKENNA LONG & ALDRIDGE LLP
                                             1900 K Street, N.W.
                                             Washington, D.C.  20006
                                             Phone: (202) 496-7500
                                             Facsimile: (202) 496-7756

                                             Malcolm I. Lewin
                                             MORRISON COHEN LLP
                                             909 Third Avenue
                                             New York, New York 10022
                                             Phone: (212) 735-8600
                                             Facsimile: (212)

                                             *Attorneys for Defendant Record Press, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 16th day of December, 2010, the foregoing opposition to

Record Press Inc.'s Opposition To Relator's Emergency Motion For Expedited Ruling On Leave

To Admit Expert Testimony And To Continue Trial Date was served via the Court's Electronic

Filing System ("ECF") on:

> Tyler Jay King, Esq.
> Tyler Jay King Law
> 1400 K Street, N.W., Suite 706
> Washington, D.C.  20005
> Phone: (202) 436-2641
> tyler@tylerkinglaw.com
>
> Darrell C. Valdez, Esq.
> U.S. Attorney's Office
> Judiciary Center Building
> 555 Fourth Street
> Washington, DC  20530
> (202) 307-2843
> darrell.valdez@usdoj.gov

> /s/ John W. Lomas, Jr.
> John W. Lomas, Jr.