**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES, ex rel., BRIAN BURKE<br>     Plaintiffs,<br>     v.<br>RECORD PRESS, INC.,<br>     Defendant. | **Case No.**   1:08-cv-00364<br>**Judge:**   Deborah A. Robinson |

**RELATOR'S REPLY TO RECORD PRESS INC.'S OPPOSITION RELATOR'S EMERGENCY MOTION FOR EXPEDITED RULING ON LEAVE TO ADMIT EXPERT TESTIMONY AND TO CONTINUE TRIAL DATE**

Relator, by and through the undersigned, respectfully and humbly submits this Reply to Record Press Inc.'s Opposition to Relator's Emergency Motion for Expedited Ruling on Leave to Admit Expert Testimony and to Continue Trial Date ("Relator's Reply").

I.   RELATOR'S UNTIMELY IDENTIFICATION OF AN EXPERT WILL NOT PREJUDICE DEFENDANT AND WILL NOT UNDULY DELAY PROCEEDING AND THE REQUEST TO ADMIT THE EXPERT AFTER THE DEADLINE IS IN GOOD-FAITH AND IS JUSTIFIED.

Factors under Fed. Rule Civ. Proc. Rule 6(b) are: (1) prejudice to the party opposing, (2) length of delay, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) good faith. See e.g. Pioneer Inv. Servs. Co. v. Brunwick Assocs. Ltd. P'ship, 507 U.S. 380, 392, 395 (1993) (analysis not limited strictly to omissions caused by circumstances beyond the control of the movant).

The delay at issue relates to Relator's request to permit expert testimony. Not allowing Relator to admit expert testimony, even though it is available, will prejudice Relator because it will result in this matter being heard on less than its full merits, but it will present very little, if any, prejudice to the opposing party,

because it will simply involve rescheduling a single day of trial. Therefore, there is nothing unfair about Relator's request.

Relator's request is made in good-faith, and come just six days before trial, only because Relator was acting in good-faith by not seeking a stay of proceeding when the originally identified expert withdrew.

II.   ADMITTING AN EXPERT IS NOT FUTILE.

Relator's request to admit expert testimony comes at a time when Record Press is seeking to limit testimony regarding the meaning and interpretation of the relevant contract.  Because this matter involves a dispute about the application of a single contract term to a single line item in the contract, there is an issue of whether or not the contract is ambiguous.  And this issue exists despite the fact that Relator asserts that the Contract is clear.

Although it can be argued that expert testimony constituting legal conclusions is not admissible, it does not follow that admitting an expert in this case is futile.  Because there is a possibility that this Court could find the relevant Contract ambiguous, the Court may admit expert testimony that informs contract interpretation.  See e.g. Hartzler v. Wiley, 277 F. Supp.2d 1114, 1118 (D. Kan. 2003).

Accordingly, Record Press goes to far by arguing that because the issue in this case involves the interpretation and meaning of a contract, any expert testimony regarding the contract is inadmissible.

CONCLUSION

For the foregoing reasons, it is fair and just to provide Relator an opportunity to submit relevant expert testimony in this matter and there is good cause to reschedule the trial date in this

matter in order to provide Record Press an opportunity to respond to the proposed expert report.

DATED:   December 17th, 2010

                                         Respectfully Submitted,

                                         /s/
                                         _____
                                         Tyler Jay King, Esq.
                                         Bar No. 979592
                                         1420 N Street NW Ste. 706
                                         Washington, DC  20005
                                         (202) 436-2641

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 17th, 2010, a copy of the foregoing was sent by email to the pertinent parties of record in this matter.

                                         Respectfully Submitted,

                                         /s/
                                         _____
                                         Tyler Jay King, Esq.

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES, ex rel., BRIAN BURKE<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>RECORD PRESS, INC.,<br><br>　　　　　　Defendant. | **Case No.**　1:08-cv-00364<br><br>**Judge:**　Deborah A. Robinson |

**PROPOSED ORDER**

Upon consideration of Relator's Emergency Motion for Leave to Admit Expert, and in consideration of arguments on behalf thereof, it is, by the Court, this ___ day of _____, 2010:

ORDERED:  That the motion is hereby GRANTED;

And it is further ORDERED that:

_____

Copies to:

　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　JUDGE