**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES, ex rel., BRIAN BURKE <br><br> Plaintiffs, <br><br> v. <br><br> RECORD PRESS, INC., <br><br> Defendant. | **Case No.**   1:08-cv-00364 <br><br> **Judge:**   Deborah A. Robinson |

**RELATOR'S MEMORANDUM IN OPPOSITION TO RECORD PRESS, INC.'S MOTION TO STRIKE PLAINTIFF BRIAN BURKE'S SECOND SUPPLEMENTAL PRE-TRIAL STATEMENT AND TO EXCLUDE EVIDENCE REGARDING DAMAGES AT TRIAL**

Relator, by and through the undersigned, respectfully requests that the Court deny Record Press, Inc.'s Motion to Strike Plaintiff Brian Burke's Second Supplemental Pre-Trial Statement and to Exclude Evience regarding Damages at Trial ("RP's Motion to Exclude Damages").

RP argues that Relator's Pre-Trial Statement be stricken and Relator be barred from admitting evidence regarding damages at trial because Relator's description of the damages comes as a surprise on the eve of trial.  To the contrary, however, the scope of damages has been clear from the beginning and the description and itemization of them, provided in Relator's Pre-Trial Statement, now provides in detail the calculation thereof.  Moreover, RP will have had sufficient notice of these damages, to defend against them, prior to the February 14th, 2011 trial.

I.   RP HAS ALWAYS BEEN AWARE OF THE SCOPE OF DAMAGES AT ISSUE.

The first document filed in this matter, the Complaint, clearly provided RP with notice of the damages.  The Complaint states that, "[b]y charing GPO $12.50 per 100 pages for each brief … [RP] … overcharged the Government."  *Complaint ¶12*.  The Complaint then

states that, "[b]ased on Mr. Wilmot's statements … [RP] overcharged the Government more than $280,000 in one contract year.  Because [RP] is a long-time GPO contractor, the total overbilling is likely many times greater than the one-year estimate." *Complaint ¶24*.  The Prayer for Relief in the Complaint requests judgment ordering, "not less than $5,500 and not more than $11,000 for each violation of 31 U.S.C. §3729, plus three times the amount of damages the United States has sustained because of Defendant's actions[.]"  *Complaint Prayer for Relief ¶2*.

II.  THE STATEMENT OF DAMAGES IS DERIVED FROM THE INVOICES THAT RP PROVIDED PURSUANT TO RELATOR'S DOCUMENT REQUEST.

Simply put, Relator requested RP's invoices for certain of its GPO contracts, RP provided them, Relator identified the invoices containing the alleged overbilling (i.e. the disputed line item), and Relator provided a Pre-Trial Statement itemizing those damages.

RP now argues that the invoices are not part of the record and have not been identified as trial exhibits.  However, it was Relator's understanding that because RP had provided the invoices pursuant to Relator's document request, because RP was certifying as to their authenticity, and because they are referenced by incorporation through Relator's Pre-trial statement, Relator has provided clear, proper, and sufficient notice that these invoices are part of this case and will be used at trial.

## CONCLUSION

For the foregoing reasons, RP has not been unduly prejudiced by the timing and content of Relator's Pre-Trial Statement regarding damages, because it does not come on the eve of trial, because it is derived from invoices that RP itself provided, and because it is a clear and precise itemization of the damages, each invoice being uniquely identified by the Invoice Number.

WHEREFORE, Relator respectfully requests that this Court deny RP's Motion to Exclude Damages; and grant such other and further relief as this court deems appropriate.

DATED:  December 20th, 2010

                                      Respectfully Submitted,

                                      /s/

                                      _____
                                      Tyler Jay King, Esq.
                                      Bar No. 979592
                                      1420 N Street NW Ste. 706
                                      Washington, DC  20005
                                      (202) 436-2641

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 20th, 2010, a copy of the foregoing was sent by email to the pertinent parties of record in this matter.

                                      Respectfully Submitted,

                                      /s/

                                      _____
                                      Tyler Jay King, Esq.

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES, ex rel., BRIAN BURKE<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>RECORD PRESS, INC.,<br><br>　　　　　Defendant. | **Case No.**　1:08-cv-00364<br><br>**Judge:**　Deborah A. Robinson |

**PROPOSED ORDER**

Upon consideration of Relator's Memorandum in Opposition to Record Press, Inc.'s Motion to Strike Plaintiff Brian Burke's Second Supplemental Pre-Trial Statement and to Exclude Evience regarding Damages at Trial ("RP's Motion to Exclude Damages"), and in consideration of arguments on behalf thereof, it is, by the Court, this ___ day of _____, 2010:

ORDERED:  That the motion is hereby DENIED;
And it is further ORDERED that:

_____

Copies to:

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　JUDGE