**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES, ex rel., BRIAN BURKE<br>         Plaintiffs,<br>   v.<br>RECORD PRESS, INC.,<br>         Defendant. | **Case No.**   1:08-cv-00364<br>**Judge:**   Deborah A. Robinson |

**RELATOR'S MEMORANDUM IN OPPOSITION TO RECORD PRESS, INC.'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY FROM BRIAN BURKE REGARDING ANY RECORD PRESS CONTRACTS WITH THE UNITED STATES GOVERNMENT PRINTING OFFICE**

Relator, by and through the undersigned, respectfully requests that the Court deny Record Press, Inc.'s Motion to *In Limine* to Exclude Testimony from Brian Burke Regarding Any Record Press Contracts with the United States Government Printing Office ("RP's Motion to Exclude Relator's Testimony").

Record Press, Inc., ("RP") argues that because Relator is not a party to the subject contract in this matter, he should not be permitted to offer any testimony regarding the subject contract.

I.   THE SCOPE OF TESTIMONY RP INTENDS TO EXLCUDE IS OVERYL BROAD.

Upon further discussions with RP's Counsel, Relator is confident that he will be willing to stipulate to not offering any testimony regarding his opinions on the meaning and interpretation of the subject contract.  However, Relator has personal knowledge of facts pertaining to the subject contract by virtue of the fact that he was personally billed pursuant to said contract.  Therefore, although it may be argued, and the parties can agree, that Relator's opinions regarding contract interpretation and meaning are inadmissible, the broad scope of testimony that RP describes in the instant motion will also capture admissible testimony.

## II. RELATOR'S TESTIMONY REGARDING WHAT HE WAS TOLD IS NOT NECESSARILY HEARSAY.

Because, among other reasons, RP has made Relator's credibility an issue, Relator can testify as to what he was told prior to filing the Complaint in this matter, because it goes toward his good-faith in filing this case, and not toward the truth of the matter asserted.

## CONCLUSION

For the foregoing reasons, although some part of the relief RP has requested, i.e. excluding Relator's opinions regarding the meaning and interpretation of the subject contract, is appropriate, the broad language that RP uses throughout the instant motion also captures admissible testimony.

WHEREFORE, Relator respectfully requests that this Court deny RP's Motion to Exclude Relator's Testimony; and grant such other and further relief as this court deems appropriate.

DATED:  December 20th, 2010

                                          Respectfully Submitted,

                                          /s/

                                          _____
                                          Tyler Jay King, Esq.
                                          Bar No. 979592
                                          1420 N Street NW Ste. 706
                                          Washington, DC  20005
                                          (202) 436-2641

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 20th, 2010, a copy of the foregoing was sent by email to the pertinent parties of record in this matter.

                                        Respectfully Submitted,

                                        /s/

                                        _____
                                        Tyler Jay King, Esq.

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES, ex rel., BRIAN BURKE<br><br>           Plaintiffs,<br><br>      v.<br><br>RECORD PRESS, INC.,<br><br>           Defendant. | **Case No.**   1:08-cv-00364<br><br>**Judge:**   Deborah A. Robinson |

**PROPOSED ORDER**

Upon consideration of Relator's Memorandum in Opposition to RP's Motion to Exclude Relator's Testimony, and in consideration of arguments on behalf thereof, it is, by the Court, this ___ day of _____, 2010:

ORDERED:  That the motion is hereby DENIED;
And it is further ORDERED that:

_____

Copies to:

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　JUDGE