**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES, ex rel., BRIAN BURKE<br><br>          Plaintiffs,<br><br>     v.<br><br>RECORD PRESS, INC.,<br><br>          Defendant. | **Case No.**   1:08-cv-00364<br><br>**Judge:**   Deborah A. Robinson |

**RELATOR'S UNCONSENTED MOTION TO RESCHEDULE STATUS HEARING**

Relator, by and through the undersigned, respectfully submits this Unconsented Motion to Reschedule Status Hearing.  The grounds for this motion are set forth in the accompanying Memorandum of Points and Authorities.

Relator requested but did not obtain consent to this motion from the opposing party.

WHEREFORE, Relator respectfully requests that this Court grant this motion; and grant such other and further relief as this court deems appropriate.

DATED:  January 5th, 2011

                                        Respectfully Submitted,

                                        /s/
                                        _____
                                        Tyler Jay King, Esq.
                                        Bar No. 979592
                                        1420 N Street NW Ste. 706
                                        Washington, DC  20005
                                        (202) 436-2641

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 5th, 2011, a copy of the foregoing was sent by email to the pertinent parties of record in this matter.

                              Respectfully Submitted,

                              /s/
                              _____
                              Tyler Jay King, Esq.

**MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF RELATOR'S UNCONSENTED MOTION TO RESECHEDULE STATUS HEARING**

Relator, by and through the undersigned counsel, submits this Memorandum of Points and Authorities, stating as follows:

<u>PERTINENT FACTS</u>

1. The Court scheduled a status hearing for January 6th, 2011, in relation to motions pertaining to evidentiary issues regarding the trial in this matter scheduled for February 14th, 2011.
2. The pending issues can be broken down into basically three categories, (1) whether or not statements by the GPO to Relator are inadmissible hearsay, (2) whether or not Relator's pretrial statement of damages should be striken, and (3) Defendant's response to Relator's expert testimony.
3. Relator's Counsel is currently in a West African country, for which non-refundable tickets were purchased approximately 8 months ago, and which is a necessary trip for personal family reasons related to his wife's family.
4. Although Relator's Counsel can arrange to attend the status conference by phone, conference by phone may hinder clarity of communication, and may prolong the duration of the hearing itself.
5. In addition, shortly before leaving the United States, Relator's Counsel received Defendant's Replies to Relator's Opposition to Defendant's Motions regarding the three aforementioned issues, and there has been only a limited amount

      of time to research and prepare for the January 6th, 2011 hearing.

6. Moreover, the Relator's expert report is due today, and both parties will benefit by rescheduling the status hearing, so that issues pertaining to Relator's expert report can be addressed at one time in conjunction with the other two issues.

7. Relator's Counsel is available the entire week of January 31st, to February 4th, 2011, and Defendant's Counsel has indicated that they will also be available that week.

## DISCUSSION

### I.  RESCHEDULING THE STATUS HEARING PROMOTES JUDICIAL ECONOMY.

As both parties agree, this matter is a relatively simple one. Because the evidentiary issues for which the status hearing have been scheduled are three in number, and one of which may not be fully ripe for hearing until after the January 6th, 2011 hearing, it will be a more efficient use of the Court and parties' time to set a hearing during which all three issues can be heard at once.

### II. RESCHEDULING THE STATUS HEARING WILL NOT UNDULY PREJUDICE THE DEFENDANT.

Rescheduling the January 6th, 2011 hearing to the week of January 31st to February 4th, 2011, does not unduly prejudice the Defendant because it will allow the Defendant an adequate opportunity to review and respond to Relator's expert report prior to the status hearing.

Rescheduling the January 6th, 2011 hearing will not unduly prejudice the Defendant because it will provide for a more efficient use Defendant's time, as indicated in the above section I.

Rescheduling the hearing will not unduly prejudice the Defendant because it will not threaten to delay any other aspect of these proceedings.


III.  RELATOR'S REQUEST TO RESCHEDULE THE STATUS HEARING IS MADE IN GOOD-FAITH AND NOT FOR DILATORY PURPOSE.

In advance of leaving the United States, Relator's Counsel, made many attempts to contact the Court in order to inquire about the possibility for a status hearing by teleconference, because Relator's Counsel desired to make attempts to avoid rescheduling. Unfortunately, because of the holidays, Relator's Counsel was unable to determine the Court's practice in this respect until yesterday.

Relator's Counsel had only a few days time between which the January 6th, 2011 was originally scheduled, and when he departed the United States.  It would have been extremely difficult, if not impossible, to arrange to schedule the January 6th, 2011 hearing for that time window, as many days are consumed in preparing for oversees travel.

Relator's request to reschedule is not intended to delay these proceedings, and in fact, it does not in and of itself serve to delay the main proceeding at all.


IV.  RESCHEDULING THE STATUS HEARING WILL ALLOW PENDING MATTERS TO BE ADDRESSED FULLY ON THEIR MERITS.

Rescheduling the status hearing serves the interests of justice by permitting the pending issues to be addressed fully on their merits.  Defendant will be provided an opportunity to review and respond to Relator's expert report, and Relator will be provided an opportunity to review and reply to Defendant's Replies to Relator's Oppositions to Defendant's Motions regarding evidentiary issues.

CONCLUSION

For the foregoing reasons, the interests of justice and judicial economy will be served by rescheduling the January 6th, 2011 status hearing to the week of January 31st, to February 4th, 2011. There is good cause to do so, and the result does not unduly prejudice Defendant, if at all.

DATED:   January 5th, 2011

                           Respectfully Submitted,

                           /s/

                           _____
                           Tyler Jay King, Esq.
                           Bar No. 979592
                           1420 N Street NW Ste. 706
                           Washington, DC  20005
                           (202) 436-2641

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 5th, 2011, a copy of the foregoing was sent by email to the pertinent parties of record in this matter.

                           Respectfully Submitted,

                           /s/

                           _____
                           Tyler Jay King, Esq.

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES, ex rel., BRIAN BURKE<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>RECORD PRESS, INC.,<br><br>　　　　　　Defendant. | **Case No.**　　1:08-cv-00364<br><br>**Judge:**　　Deborah A. Robinson |

PROPOSED ORDER

Upon consideration of Relator's Unconsented Motion to Reschedule Status Hearing, and in consideration of arguments on behalf thereof, it is, by the Court, this ___ day of _____, 2011:

ORDERED:  That the motion is hereby GRANTED;

And it is further ORDERED that:

_____

Copies to:

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　JUDGE ROBINSON