**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **BRIAN MR. BURKE,**<br><br>                    **Plaintiff,**<br>     vs.<br><br>**RECORD PRESS, INC.**<br><br>                    **Defendant.** | **Civil Action No. 1:08-CV-00364-DAR** |

**RECORD PRESS INC.'S OPPOSITION TO PLAINTIFF AND COUNTERCLAIM DEFENDANT'S OMNIBUS MOTION TO DISMISS RECORD PRESS'S COUNTERCLAIM**

Defendant Record Press, Inc. respectfully requests that the Court deny Plaintiff and Counterclaim Defendant Brian Mr. Burke's Omnibus Motion to Dismiss Record Press's Counterclaim. Mr. Burke's motion should be denied for at least three reasons. First, Mr. Burke's motion is moot because Record Press has withdrawn its counterclaim via a voluntary motion to dismiss filed contemporaneously herewith. Second, Mr. Burke's motion is an improper attempt to reargue the merits and delay resolution of Record Press's motion for judgment with respect to Mr. Burke's False Claims Act claims. Third, Mr. Burke's motion is procedurally deficient and without merit.

**I.   MR. BURKE'S MOTION IS MOOT**

As Mr. Burke recognizes in his *pro se* "Omnibus Motion to Dismiss Counterclaim," Mr. Burke's False Claims Act ("FCA") claims cannot be litigated *pro se*. *See also, e.g.*, *United States ex rel. Rockefeller v. Westinghouse Elec. Co*., 274 F. Supp. 2d 10, 16 (D.D.C. 2003). Mr. Burke's *pro se* motion must necessarily be limited to seeking relief concerning Record Press's counterclaim that the parties had agreed to bifurcate and stay until the conclusion of the

proceedings on Mr. Burke's FCA claims. Record Press has withdrawn its counterclaim, thus Mr. Burke's motion is moot and there is no reason to delay resolution of Mr. Burke's FCA claims.

### II.   MR. BURKE'S MOTION IS AN IMPROPER ATTEMPT TO REARGUE THE TRIAL ON MR. BURKE'S FCA CLAIMS

Despite guising it as a motion to dismiss Record Press's counterclaim, Mr. Burke's *pro se* motion is an improper attempt to reargue the merits and delay final resolution of Record Press's Motion For Judgment Pursuant to Fed. R. Civ. 52(c). Mr. Burke even attached to his motion a copy of the expert report concerning alleged damages for his FCA claims despite the Court stating on multiple occasions that it did not want to read the report and ruling at trial that the report was inadmissible. Record Press's motion was fully argued by counsel for the parties at the February 14, 2011 trial. In addition, and as noted above, FCA claims may not be litigated *pro se*. Record Press respectfully requests that the Court reject Mr. Burke's attempt to reargue the merits and delay final resolution of his FCA claims.

### III.   MR. BURKE'S MOTION IS PROCEDURALLY DEFICIENT AND MERITLESS

Mr. Burke's motion should also be denied because it is deficient for numerous procedural reasons and substantively without merit. First, Mr. Burke improperly seeks to stay this Court's decision on Record Press's pending Motion For Judgment Pursuant to Fed. R. Civ. 52(c) until after proceedings on Record Press's counterclaims have been resolved. Mr. Burke, through counsel, agreed at the Pre-Trial Conference on November 3, 2010 to bifurcate and stay proceedings on Record Press's counterclaim until after Mr. Burke's FCA claims had been disposed. Mr. Burke's motion to stay is in contravention of that agreement. In any event, Record Press has withdrawn its counterclaim, mooting Mr. Burke's motion to stay.

Second, this Court's local rules required Mr. Burke to discuss with counsel for Record Press in person or over the telephone all the relief he seeks in his motion other than his request to

dismiss Record Press's counterclaim, and to include a statement in his motion that such a discussion occurred. LCvR 7(m). The rule explicitly applies to non-incarcerated *pro se* litigations such as Mr. Burke. *Id*. Mr. Burke made no attempt to comply with this requirement.

Third, in addition to being improper because he is attempting to litigate his FCA claims *pro se*, Mr. Burke's request for retrospective exclusion of certain evidence - Mr. Adgerson's testimony, Mr. Sullivan's testimony, and two U.S. Government Printing Office spreadsheet documents - from the February 14, 2011 trial that he did not previously object to is out of time and meritless. Fed. R. Evid. 103(a)(1) (objections must be timely); Fed. R. Civ. P. 26(a)(3)(B) (failure to object before trial to the admissibility of exhibits identified before trial waives the objection); *see also*, *e.g.*, *McKnight by and through Ludwig v. Johnson Controls, Inc.*, 36 F.3d 1396 (8th Cir. 1994) (a subsequent motion to strike does not cure a party's failure to object to testimony at trial).

Mr. Adgerson has consistently rejected Mr. Burke's false allegation concerning their conversation and also submitted a sworn declaration in this case that is consistent with his testimony at trial.[1] Yet Mr. Burke called Mr. Adgerson as a witness in his affirmative case. Mr. Burke never, either before or during trial, objected to or sought to exclude Mr. Adgerson's testimony. Mr. Burke also had a full opportunity to cross-examine Mr. Adgerson and later offered his own testimony concerning their conversation. In any event, Mr. Burke's objection goes to the weight, not admissibility, of Mr. Adgerson's testimony. Thus, Mr. Burke's objection to Mr. Adgerson's testimony is both out of time and without merit.

---

[1] Mr. Burke wrongly states that the United States and the United States Circuit Court of Appeals for the Second Circuit ratified and adopted the false allegations Mr. Burke made concerning his conversation with Mr. Adgerson. They did no such thing. The United States did not respond to Burke's filing and the Second Circuit merely denied costs in a minute style order. *See Burke v. Evans*, 06-1917-cv (2nd Cir. Aug. 2, 2007).

Similarly, Mr. Sullivan provided a declaration in this case that was consistent with his testimony at trial. Mr. Sullivan had also been identified in Record Press's initial disclosures, but Mr. Burke never sought to depose him. Mr. Burke never, either before or during trial, objected to or sought to exclude Mr. Sullivan's testimony, which was proper under Federal Rules of Evidence 602 and 701 and also consistent with the information Mr. Sullivan provided to Mr. Burke's former counsel in this case in September 2010. Thus, Mr. Burke's objection to Mr. Sullivan's testimony is both out of time and without merit.

It is not clear on what basis Mr. Burke seeks to exclude the GPO spreadsheets that were properly admitted into evidence at trial. Indeed, it appears Mr. Burke is not attempting to strike the exhibits, but rather offering an opinion, without having any personal or specialized knowledge, of what they mean. Mr. Burke did not object to the admissibility of the spreadsheets before or after trial, nor did he object at trial to any testimony related to the spreadsheets. Mr. Burke also had a full and fair opportunity to cross-examine Mr. Sullivan about the spreadsheets. Thus, Mr. Burke's objection is both out of time and without merit.

<u>Fourth</u>, in addition to being moot because Record Press has dismissed its counterclaim, Mr. Burke's attempt to add a new affirmative defense and/or claim is out of time. Discovery is closed and all pending claims were tried at the February 14, 2011 bench trial. The only remaining matters are the Court's decision on the merits of Mr. Burke's FCA claims and any subsequent proceedings related to that decision, such as, for example, a motion for fees and costs. Mr. Burke did not raise his new and baseless bid-rigging claim before or during trial, and he may not do so now. *See* Fed. R. Civ. P. 15(b) (setting forth the limited circumstances when amendments to the pleadings may be made after trial, neither of which exists here).

-5-

## **CONCLUSION**

For these reasons Record Press respectfully requests that the Court deny Plaintiff/Counterclaim Defendant's "Omnibus Motion to Dismiss Counterclaim."

| | |
|---|---|
| Date:  March 2, 2011 | Respectfully submitted, |// 

                                                          /s/ John W. Lomas, Jr.
                                                          John G. Horan (DC Bar No. 417729)
William T. O'Brien (DC Bar No. 450891)
John W. Lomas, Jr. (DC Bar No. 976555)
MCKENNA LONG & ALDRIDGE LLP
1900 K Street, N.W.
Washington, D.C.  20006
Phone: (202) 496-7500
Facsimile: (202) 496-7756

Malcolm I. Lewin
MORRISON COHEN LLP
909 Third Avenue
New York, New York 10022
Phone: (212) 735-8600
Facsimile: (212)

*Attorneys for Defendant Record Press, Inc*.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of March, 2011, the foregoing Record Press Inc.'s Opposition To Plaintiffs/Counterclaim Defendant's Omnibus Motion To Dismiss Counterclaim was served via the Court's Electronic Filing System ("ECF") on:

>Tyler Jay King, Esq.
>Tyler Jay King Law
>1400 K Street, N.W., Suite 706
>Washington, D.C. 20005
>Phone: (202) 436-2641
>tyler@tylerkinglaw.com
>
>Darrell C. Valdez, Esq.
>U.S. Attorney's Office
>Judiciary Center Building
>555 Fourth Street
>Washington, DC 20530
>(202) 307-2843
>darrell.valdez@usdoj.gov

and via email on:

>Brian T. Mr. Burke
>145 East 23rd St. #4R
>New York, NY 10010
>(212) 614-8515
>briantburke@gmail.com

>/s/ John W. Lomas, Jr.
>John W. Lomas, Jr.