UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

_____
**BRIAN BURKE,**                            :
                                           :
    Plaintiff/Counterclaim Defendant : C. A. # 1:08-CV-00364-(DAR)(EGS)
                 vs.                       :
**RECORD PRESS, INC.**                  :
                                           :
**Defendant.**                              :
_____:

### COUNTERCLAIM DEFENDANT'S REPLY TO OPPOSITION OF OMNIBUS MOTION TO DISMISS COUNTERCLAIM WITH PREJUDICE & AFFIRMATION

"I_____/S/_Brian Burke declare, certify, verify, & state, under penalty of perjury that the foregoing is true and correct. Executed on March 9, 2011.":  Plaintiff/Counterclaim Defendant pro se Brian Burke respectfully request that the Court deny Defendant's Opposition and grant Plaintiff's Omnibus Motion in all parts. Relator will be, in addition, submitting Motion (s) In Limine and timely Opposition to Defendant's Fed. R. Civ. P. 41(a)(2) Motion.

### IMPROPER SERVICE

Counterclaim Defendant request the Court consider Documents 72 & 73 lacking Specific Personal Jurisdiction due to willful Improper Service. On February 20, 2011, a Sunday before a holiday, Relator, acting pro se, mailed Omnibus Motion Overnight Mail to the Court, Defendant and the DOJ. Clearly said Motion is Dispositive under LCvR 7(m) & no Counsels could have been reached over the weekend. Fedex #s 874162857212, 874162857201 & 874162857197, which were all signed for on Tuesday Morning, 02/22/2011.

Courtesy copies were in addition sent by email attachment to all parties and Court. The paper copies constituted proper service under *LCvR 5.1, 5.3, 5.4 & Fed R. Civ. P. 5*. Within said Omnibus Motion is a pending request under *LCvR 5.4(b)(2)* "Motion for CM/ECF Password". Petitioner understands, if the Court is generous in granting said relief, this would allow all

parties to serve each other & the Court electronically only. Relator suggested this would be in the interest of all parties and the Court, but there is no Rule, or case law, granting said Relief retroactively.

Defendant has violated *LCvR 5.4(e)(3) "A party appearing pro se shall file documents in paper form with the Clerk **and must be served with documents in paper form**, unless the pro se party has obtained a CM/ECF password."* for both Documents 72 & 73.

## NO PROPOSED ORDER

Defendant has violated *LCvR 7 (c) PROPOSED ORDER. Each motion and opposition shall be accompanied by a proposed order.* Another ground to Strike in prospective Motion In Limine. Petitioner included a Proposed Order attached to Omnibus Motion.

## RECORD PRESS DOES NOT DISPUTE THE MATERIAL
## FACTS THAT ENTITLE RELATOR TO SUMMARY JUDGMENT

A. **The Facts In Burke's Statement Of Undisputed Material Facts Should Be Deemed Admitted.**

Defendant did not file "a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated," as required by Local Rule 7(h)(1)\*. Thus, the Court " *may assume that facts identified by the moving party in its statement of material facts are admitted.*" *Spiegel v. Leavitt, Nos. 01-2195-PLF-DAR, 02-2546-PLF-DAR, 03-1928-PLF-DAR, 2005 WL 2402322, 5 (D.D.C. Sept. 22, 2005) (M.J. Robinson) (quoting L.R. 7(h)(1))*\* (emphasis in original). Indeed, the D.C. Circuit instructs that "'[i]f the party opposing the motion fails to comply with this local rule, then "the district court is under no obligation to sift through the record" **and should "[i]nstead ... deem as admitted** the moving party's facts that are uncontroverted by the nonmoving party's Rule [LCvR7(h) ] statement.'" Id. (quoting *Securities and Exch. Comm n v. Banner Fund Int l, 211 F.3d 602, 616 (D.C. Cir. 2000)).* Such facts entitle Burke to summary judgment and demonstrate that Record Press's Counterclaims are frivolous and vexatious. (Opening Br. at

11-20.)_____

\*The Court should deem Brian Mr. Burke[*sic*]'s motion as conceded as Record Press also failed to properly serve opposition, or supply Proposed Order. L.R. 5.4 & 7(c)

### I. MR. BURKE'S MOTION IS NOT MOOT

Defendant/Feasor, in attempting its 'having your cake and eat it too' Defense (not to be confused with Government Knowledge Defense, see Omnibus attachment), like 2231-S Bid-rigging, tries its Cognitive Dissonance.  Defendant appears to concede all facts in Omnibus Motion by Omission (see above) in Documents 72 & 73 without explicitly conceding case. Record Press is attempting to vacate it's "clearly frivolous, clearly vexatious, or brought primarily for the purposes of harassment" (see § 3730(d)(4)) Counterclaim as a 'Queen Sacrifice' to save Record Press from Liability, as admitted. Like with the Queen Sacrifice, Defendant reserves the right to re-litigate (Resurrect) Counter-claim, perhaps with some forum shopping. Counterclaimant is attempting, through prestidigitation, to end Plaintiff's Due Process Rights to defend against pending Counterclaim and block the Court from accessing Verified Facts & Law within pending Omnibus Motion.

This 'gimmick' or 'trick' (see Omnibus "Affirmative Defense" Claim) is another act of genius. Defendant insists it's Fed. R. Civ. P. 41(a)(2) is as of right, while demanding diametrically opposed Relief. Record Press pretends ignorance (see 'spreadsheet ignorance') of the simple but grave and absolute difference between 'with Prejudice' and 'without Prejudice'. This is unfortunate. Their 'cake and eat it too'? To end Plaintiff's Lawful, settled Black Letter Law Due Process Constitutional Rights to Defend against Counterclaim(s) while reserving to itself absolute right to Reserve/Refile same within this Court or another. Defendant has not even waived, however temporarily, their Counterclaim, even without Prejudice. See Opposition, page 4 pg3 "The only remaining matters are ........... and any subsequent proceedings related to that decision, such as, for example, a motion for fees and costs." Plaintiff will be serving a

Motion for Fees & Costs for now admitted Frivolous, Vexatious & Harassing Counterclaim. Defendant would be simply be making "an improper attempt to reargue the merits and delay final resolution" of Counterclaim.

## STAY?

For November 3 Order we have " *INTERIM PRETRIAL ORDER*

*Counsel for the parties appeared before the undersigned United States Magistrate Judge on November 3, 2010 for a final pretrial conference. Discovery has been completed, and,with the consent of the parties, a bench trial of Plaintiff s claims against Defendant is scheduled to commence on December 20, 2010.\*In accordance with Rule 16(d) of the Federal Rules of Civil Procedure, it is ORDERED that: (1) Plaintiff shall file any motion to bifurcate liability and damages by no later than November 8, 2010; (2) no later than November 15, 2010, Plaintiff shall supplement his pretrial statement to fully comply with Local Civil Rule 16.5(1)(iv), (v) and (vii), and (3) the deadline for the filing of objections to the opposing party s pretrial statement is extended to November 22, 2010.*"

/s/

DEBORAH A. ROBINSON United States Magistrate Judge November 4, 2010

DATE November 3, 2010 NUNC PRO TUNC att.

No mention of a Stay. Yet while claiming there is a Stay, Defendant Objects to same. Why? To block the Court from accessing Undisputed Facts & Law contained within Omnibus Motion, nothing to do with an alleged 'delay'. Any mythical "agreement" "between parties" would have been ex-partie as Counterclaim Defendant was unrepresented at same. Well lawyered Defendant has chosen to show no Case Law or Statute blocking Self-Representation by Counterclaim Defendant. Plaintiff was generously represented by Murphy Anderson for Counterclaim and will now seek Legal Fees & Costs for their efforts.

## TIMELY OBJECTIONS

Relator appeared at Feb. 14, 2011 hearing as a witness and, yes, as a Represented

Party, i.e. United States *ex. rel*. Brian Burke, not as Self Represented Counterclaim Brian Mr. Burke[*sic*]. At the admittedly Bifurcated Hearing, Burke pro se had no Jurisdiction to Object to any specific testimony or evidence. Counterclaim Trial & Discovery is to come, along with objections. Any Objections by Counterclaim Defendant on Feb. 14, 2011 would have been Unlawful, Disruptive and likely resulted in Sanctions and/or Contempt and/or Dismissal of Claim. That would satisfy Defendant, but not Taxpayers, whom Relator Represents.

### AFFIRMATIVE DEFENSE & CLAIM

Murphy Anderson ably stated, while lawfully Representing Counterclaim Defendant, on Sept 8, 2008 within ANSWER TO DEFENDANT'S COUNTERCLAIM (Doc. 13) page 4 pg. 2 " Plaintiff expressly reserves the right to rely upon such other and further affirmative defenses as may be supported by the facts to be determined through further discovery in this proceeding."

Admittedly there has been no Discovery for Counterclaim yet, but in the interest of Judicial Economy, Brian Mr. Burke[*sic]* will rely, to every extent feasible, on previous evidence, minus the Pending Motion(s) in Limine Strikes, in order to avoid duplication. There has been no Trial for Counterclaim or Damages.  The 'Bid-Rigging' would seem to go to Damages, as it only affects (by about 10%) the amount of the Fraud by Fraud-Feasor.

### CONCLUSION

For these reasons Counterclaim Defendant requests that the Court Grant all Requested Relief within "Omnibus Motion to Dismiss Counterclaim with Prejudice".

Date: March 9, 2011                               Respectfully submitted,

/S/ Brian T. Burke, pro se
145 East 23rd Street #4R
New York, NY 10010
briantburke@gmail.com
212-614-8515

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES ex rel.<br>BRIAN BURKE,<br><br>    Plaintiff,<br><br>    v.<br><br>RECORD PRESS, INC.,<br><br>    Defendant. | Civil Action No.  08-0364<br>                               DAR |

Appearances:    Tyler Jay King, Esquire
                TYLER JAY KING LAW
                 1400 K Street, N.W.
                 Suite 706
                 Washington, DC 20005



                Counsel for Plaintiff



                John W. Lomas, Jr., Esquire
                William T. O'Brien, Esquire
                MCKENNA LONG & ALDRIDGE LLP
                1900 K Street, N.W.
                Washington, DC 20006



                Counsel for Defendant

Burke v. Record Press, Inc.

# INTERIM PRETRIAL ORDER

Counsel for the parties appeared before the undersigned United States Magistrate Judge on November 3, 2010 for a final pretrial conference. Discovery has been completed, and, with the consent of the parties, a bench trial of Plaintiff's claims against Defendant is scheduled to commence on December 20, 2010.[*]

In accordance with Rule 16(d) of the Federal Rules of Civil Procedure, it is ORDERED that:

(1) Plaintiff shall file any motion to bifurcate liability and damages by no later than November 8, 2010;

(2) no later than November 15, 2010, Plaintiff shall supplement his pretrial statement to fully comply with Local Civil Rule 16.5(1)(iv), (v) and (vii), and

(3) the deadline for the filing of objections to the opposing party's pretrial statement is extended to November 22, 2010.

/s/
DEBORAH A. ROBINSON
United States Magistrate Judge

November 4, 2010
    DATE

November 3, 2010
NUNC PRO TUNC

---

[*] The parties consent to the bifurcation of Defendant's counterclaim.

                    UNITED STATES DISTRICT COURT
                         DISTRICT OF COLUMBIA
------------------------------------------------X
                                        :       Case No. 1:08-CV-00364(EGS)(DAR)
     **BRIAN BURKE**                    :
                                        :
                                        :
                                        :
                                        :       **CERTIFICATE OF SERVICE**
**Counterclaim Defendant, pro se**      :
                                        :
**against,**                            :
**RECORD PRESS**                        :
**Defendant, Counterclaimant**          :
------------------------------------------------X

**I_____/S/\_\_Brian Burke\_\_\_\_ declare under penalty of perjury that the forgoing is**

**true and correct. , I served a copy of AFFIDAVIT & REPLY to OPPOSITION for OMNIBUS**

**MOTION TO DISMISS COUNTERCLAIM & attached Exhibits by Overnight Mail or email on**

**the following parties: (**
**1) William T. O'Brien esq. McKenna Long & Aldridge llp 1900 K street, N.W.**
**Washington D.C. 20006 , by Mail & email wobrien@mckennalong.com**
**(2)Darrell C. Valdez esq. U.S. Attorney's Office Judiciary Center Building 555 Fourth Street**
**Washington D.C. 20530 by Mail & email darrell.valdez@usdoj.gov**
**(3)Tyler Jay King, by Mail & Email to tyler@tylerjayking.com**
**Dated March 9, 2011**                         _____/S/  Brian Burke\_\_\_\_
                                                 145 East 23rd Street #4R
                                                 New York, NY 10010
                                                 briantburke@gmail.com
                                                 212-614-8515


  _____