ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

---

BRIAN BURKE,                              :
                                          :
   Plaintiff/Counterclaim Defendant       : C. A. # 1:08-CV-00364-(DAR)(EGS)
              vs.                         :
RECORD PRESS, INC.                        :
                                          :
Defendant.                                :
                                          :
---

**COUNTERCLAIM DEFENDANT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

**COUNTERCLAIM WITHOUT PREJUDICE AFFIRMATION & MEMORANDUM OF LAW**

"I /S/ Brian Burke declare, certify, verify, & state, under penalty of perjury that the foregoing is true and correct. Executed on March 16, 2011.": Plaintiff/Counterclaim Defendant pro se Brian Burke respectfully request that the Court deny Defendant's Motion and grant Plaintiff's Opposition to Motion in all parts. Relator will be, in addition, submitting Motion(s) In Limine.

**IMPROPER SERVICE**

Defendant has violated *LCvR 5.4(e)(3)* "*A party appearing pro se shall file documents in paper form with the Clerk **and must be served with documents in paper form**, unless the pro se party has obtained a CM/ECF password.*" for both Documents 72 & 73. In addition *Fed. R. Civ. P. 5(a)(1)(D) Service: When Required, a written motion, except one that may be heard ex parte; Fed. R. Civ. P. 5(b)(2)(E) sending it by electronic means if the person consented in writing.* Non-movant has not consented or been contacted in this regard or been properly served Documents at issue, see Certificate(s) of Service attached to Documents 72, 73. See Plaintiff's Reply to Op..

**NO PROPOSED ORDER**

Defendant has violated *LCvR 7 (c) PROPOSED ORDER. Each motion and opposition shall*

RECEIVED
Mail Room
MAR 18 2011
Angela D. Caesar, Clerk of Court
US District Court, District of Columbia

*be accompanied by a proposed order.* Another ground to Strike in prospective Motion In Limine.

## NO STAY

For November 3 Order we have " *INTERIM PRETRIAL ORDER*

*Counsel for the parties appeared before the undersigned United States Magistrate Judge on November 3, 2010 for a final pretrial conference. Discovery has been completed, and, with the consent of the parties, a bench trial of Plaintiff's claims against Defendant is scheduled to commence on December 20, 2010.\*In accordance with Rule 16(d) of the Federal Rules of Civil Procedure, it is ORDERED that: (1) Plaintiff shall file any motion to bifurcate liability and damages by no later than November 8, 2010; (2) no later than November 15, 2010, Plaintiff shall supplement his pretrial statement to fully comply with Local Civil Rule 16.5(1)(iv), (v) and (vii), and (3) the deadline for the filing of objections to the opposing party's pretrial statement is extended to November 22, 2010.*"

/s/

DEBORAH A. ROBINSON United States Magistrate Judge November 4, 2010

DATE November 3, 2010 NUNC PRO TUNC att. to Reply to Opposition.

No mention of a Stay. Yet while claiming there is a Stay, Defendant Objects to same. Why? To block the Court from accessing Undisputed Facts & Law contained within Omnibus Motion, nothing to do with an alleged 'delay'. Any mythical "agreement" "between parties" would have been *ex-parte* as Counterclaim Defendant was unrepresented at same. Well lawyered Defendant has chosen to show no Case Law or Statute blocking Self-Representation by Counterclaim Defendant. Plaintiff was generously represented by Murphy Anderson for Counterclaim and will now seek Legal Fees & Costs for their efforts.

## MR. BURKE'S MOTION IS NOT MOOT

For brevity & economy please see Counterclaim Defendant's Reply to Opposition,

Document #74.

## Fed. R. Civ. P. 41(a)(2)

Defendant, acting in Bad Faith, is attempting to Dismiss it's "*clearly frivolous, clearly vexatious, or brought primarily for the purposes of harassment*" *(see § 3730(d)(4))* Counterclaim in order to Prejudice Petitioner *pro se* (see Plaintiff's Reply to Opposition "**I. MR. BURKE'S MOTION IS NOT MOOT**"). Plain reading of statute and case law (see;"[T]he Court notes further that Futch cannot voluntarily dismiss her claims against TVA as of right under the rule. Pursuant to Rule 41(a)(1), a plaintiff may voluntarily dismiss claims as of right at any time before the filing of an answer or a motion for summary judgment. See *Crook v. WMC Mortgage Corp.*, No. 06-cv-535-JPG, 2006 WL 2873439, at *1 (S.D. Ill. Oct. 5, 2006) (quoting *Hare v. Abbott Labs.*, No. 97 C 2692, 1997 WL 223056, at *1 (N.D. Ill. Apr. 29, 1997) ("A plaintiff's right to voluntary dismissal by notice before the filing of an answer or a motion for summary judgment is 'absolute.'").2 However, in this case TVA filed an answer to Futch's operative complaint on June 6, 2007, thus terminating Futch's absolute right to a voluntary dismissal of her claims against the agency. See *Sheldon v. Amperex Elec. Corp.*, 52 F.R.D. 1, 9 (E.D.N.Y. 1971) (the filing of an answer by a defendant terminates a plaintiff's absolute right of voluntary dismissal as to that defendant, although not as to other defendants in a case who have not yet answered); Miller v. Stewart, 43 F.R.D. 409, 411-12 (E.D. Ill. 1967) (same); Terry v. Pearlman, 42 F.R.D. 335, 337 (D. Mass. 1967) (same)." *Futch v. A.I.G. et. al.* ) is unanimous regarding regarding 'as of right' Dismissal and "Mooting" of Summary Judgment Motion. Plaintiff has Lawfully served (as opposed to Defendant's Unlawful 'service', see above) Answer to Counterclaim over 2 1/2 years ago (July 28, 2008) and Fed. R. Civ. P. 56 Motion prior to Document 72.

## PLAIN LEGAL PREJUDICE

"Whether the non-movant will suffer plain legal prejudice by the granting of a Rule 41(a)(2) motion is typically determined by reference to the following factors: (1) the non-movant's

effort and expense in preparation for trial, (2) whether the movant has demonstrated a lack of diligence or occasioned excessive delay inprosecuting the action, (3) the sufficiency of the reason for the need to take a dismissal, and (4) whether a motion for summary judgment has been filed by the non-movant. See *Urohealth, 216F.3d at 160." NESTOR, INC. v. HNC SOFTWARE, INC. C.A. No. 98-569L(R. I. D. C.).* Defendant fails under all four factors. (1) Plaintiff underwent extreme effort and expense over the years of preparing to Defend against Counterclaim. Murphy Anderson spent (as yet) untold hours of work and research in defending against the *"clearly frivolous, clearly vexatious, or brought primarily for the purposes of harassment"* Counterclaim. While performing excellent work on Answer to Counterclaim, Sur-Reply, Rule 11 Motion, etc., they saw this additional expense as possibly uncompensated, even as Prevailing Party. Petitioner incurred extreme additional unexpected expense in exchange of Representation for the People. This included, but was not limited to, monetary, travel (additional personal Court appearances), time and phone expenses. There was, in addition, the disadvantage of losing the services of a full Law Firm with three attorney's dedicated to the People's case. (2) Defendant, in it's almost three year pending Counterclaim has lost Motions on this issue (Collateral Estoppel) and chose not to drop *"clearly frivolous, clearly vexatious, or brought primarily for the purposes of harassment"* Counterclaim until Movant's legal interests were no longer served. Of course, Record Press demands the unexpurgated right to Resurrect Counterclaim, either within instant Case disguised as a "Motion for Fees & Costs" (see doc 73 page 4 pg. 3), or another forum that serves it's interests. (3) Movant has inserted no reason for Motion to Dismiss, presumably they are inculpatory. (4) Summary Judgment Motion has been filed.

### PRIOR NOTICE & ALLOWANCE TO WITHDRAW

If the Court intends to Dismiss with Prejudice under Fed. R. Civ. P. 41(a)(2) may this opposition be considered Prior Notice of (Movant's) Right to Withdraw Motion. See *"Michigan*

*Surgery Investment, LLC* and its affiliates appeal the dismissal of this civil action with prejudice after the plaintiffs had moved for voluntary dismissal without prejudice under *Rule 41(a)(2)* of the Federal Rules of Civil Procedure. Because the district court did not give the plaintiffs notice of its intention to dismiss with prejudice, along with an opportunity to withdraw the request for voluntary dismissal, the court should not have dismissed with prejudice. A voluntary dismissal by the Plaintiff in a civiltrial, under Rule 41(a)(2) is left to the sound discretion oftrial court, but that discretion should be exercised judiciallyand in a manner that insures substantial justice to bothparties. *Schoolhouse Educational Aids v. Haag, 145 Ariz. 87,89, 699 P.2d 1318, 1320 (App. 1985)." Michigan Surgery Inv. et al. v. Arman et al. No. 10-1612 U.S. C. A. 6th Circuit.*

## CONCLUSION

For these reasons Counterclaim Defendant requests that the Court Deny Movant Record Press's Motion to Dismiss Counterclaim without Prejudice under Fed. R.Civ. P. 41(a)(2)

Date: March 16, 2011

Respectfully submitted,

/S/ Brian T. Burke, pro se
145 East 23rd Street #4R
New York, NY 10010
briantburke@gmail.com
212-614-8515

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

---------------------------------X
                                 :   Case No. 1:08-CV-00364(EGS)(DAR)
BRIAN BURKE                      :
                                 :
                                 :
                                 :   **CERTIFICATE OF SERVICE**
                                 :
Counterclaim Defendant, pro se   :
                                 :
against,                         :
RECORD PRESS                     :
Defendant, Counterclaimant       :
---------------------------------X

I_____/S/__Brian Burke____ declare under penalty of perjury that the forgoing is

true and correct. , I served a copy of Counterclaim Defendant's Motion In Limine to Strike & Opposition to Defendant's Motion to Dismiss

Proposed Order by U.S. Mail or email on

the following parties:

1) William T. O'Brien esq. McKenna Long & Aldridge llp 1900 K street, N.W.

Washington D.C. 20006 , by Mail & email wobrien@mckennalong.com

(2)Darrell C. Valdez esq. U.S. Attorney's Office Judiciary Center Building 555 Fourth Street

Washington D.C. 20530 by Mail & email darrell.valdez@usdoj.gov

(3)Tyler Jay King, by Mail & Email to tyler@tylerjayking.com

Dated March 16, 2011                              _____/S/ Brian Burke_____
                                                  145 East 23rd Street #4R
                                                  New York, NY 10010
                                                  briantburke@gmail.com
                                                  212-614-8515