**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| **BRIAN MR. BURKE,**<br><br>                           Plaintiff,<br><br>vs.<br><br>**RECORD PRESS, INC.**<br><br>                           **Defendant.** | **Civil Action No. 1:08-CV-00364-DAR** |

**RECORD PRESS INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO VOLUNTARILY DISMISS ITS COUNTERCLAIM WITHOUT PREJUDICE**

Record Press is not attempting to dismiss its counterclaim as of right pursuant to Fed. R. Civ. P 41(a)(1)(A) as Mr. Burke suggests in his opposition.[1] Record Press instead moves for an order dismissing its counterclaim without prejudice pursuant to Fed. R. Civ. P. 42(a)(2).[2]

Mr. Burke's claim that Record Press's counterclaim for tortious interference with business expectancy is "clearly frivolous, clearly vexatious, or brought primarily for the purposes of harassment" is unfounded. As confirmed by the evidence offered at the trial on Mr. Burke's False Claims Act claims: (1) Record Press has a business relationship with the Government Printing Office for the procurement of printing briefs and an expectation of future and additional

---

[1] Mr. Burke complains that Record Press served its motion via email. The parties have served pleadings and discovery papers on each other, including pleadings related to Record Press's Counterclaim, via ECF and/or email throughout this case without objection until now. Record Press served its motion on Mr. Burke using the email address Mr. Burke used to serve a filing on Record Press just days earlier and which Mr. Burke provides under his signature in his *pro se* pleadings. Mr. Burke has also subsequently served filings Record Press using that same email address. Mr. Burke obviously received Record Press's motion and is in no way prejudiced.

[2] Mr. Burke complains that Record Press did not submit a proposed order. The Court in this case has issued its orders primarily via minute order. For the Court's convenience and consideration, Record Press submits a proposed order as an exhibit to this reply. Mr. Burke is in no way prejudiced given the simplicity of the requested relief and proposed order.

-2-

business with the Government Printing Office; (2) Mr. Burke knew of the relationship; and (3) Mr. Burke interfered with Record Press's business relationship by falsely claiming to individuals at the GPO, Congress, New York authorities, and the media that Record Press had engaged in fraud.  Mr. Burke's actions endangered Record Press's relationship with the GPO and its expectancy of ongoing and additional business with the GPO.

Record Press's counterclaim is thus well-founded and supported by the evidence.  *See*, *e.g.*, *NCRIC, Inc. v. Columbia Hosp. for Women Medical Center, Inc.*, 957 A.2d 890, 900 (D.C. 2008) (outlining the elements of a tortious interference claim).  Record Press is voluntarily moving to dismiss its claim without prejudice because it has determined, based on the current and foreseeable circumstances, that it does not wish to incur the costs of a second trial in this matter.

Such motion should be granted unless Mr. Burke can show "plain legal prejudice."  *See*, *e.g.*, *Anderson v. District of Columbia*, Civ. A. No. 86-3548, 1988 WL 33077, *1 (D.D.C. Mar. 22, 1988).  He does not and cannot do so.  *See*, *e.g., Johnson v. Wynne*, 239 F.R.D. 283, 286-88 (D.D.C. 2006) (granting voluntary dismissal without prejudice because (1) there was no "*excessive* delay and lack of diligence" on the part of the plaintiff; (2) the defendant's pending motion to dismiss with prejudice was not grounds for denying a motion for voluntary dismissal; and (3) the "mere fact that the defendant may have incurred substantial expense prior to dismissal does not amount to legal prejudice") (emphasis in original).

<u>First</u>, Record Press diligently pursued its counterclaim by seeking relevant discovery from Mr. Burke, including the evidence offered at trial against Mr. Burke's False Claims Act claims.  Undersigned counsel and the Court learned for the first time at the November 3, 2010 Pre-Trial hearing that, despite being represented by counsel for his False Claims Act claims, Mr.

-3-

Burke was not represented with respect to Record Press's Counterclaim.  It was then suggested that the counterclaim be bifurcated and stayed until after trial on the False Claims Act case because of that unusual circumstance.  The Court took a brief recess so that counsel could discuss that proposal, and others, with their respective clients.   After the break, the parties informed the Court they had agreed to bifurcate and stay the counterclaim.  Mr. Burke now refers to the parties' agreement as "mythical," and claims that he was not represented at the agreement. (Dkt. #77 at 2).  Mr. Tyler King, Mr. Burke's counsel for his False Claims Act claims, represented to counsel for Record Press and the Court at the Pre-Trial Hearing, however, that he had conferred with Mr. Burke via telephone during the break and that Mr. Burke had agreed to bifurcate and stay the counterclaim.  It was Mr. Burke who delayed matters by moving to postpone the December trial on his affirmative claims until February.

Second, Mr. Burke's conclusory and unsupportable claims of "extreme effort and expense" do not establish any legal prejudice.  The purported effort and expense to which Mr. Burke refers in his opposition, with the exception of a short four page answer to Record Press's counterclaim, is related to his affirmative False Claims Act claim.  Even Mr. Burke's motion to dismiss Record Press's counterclaim focuses primarily on Mr. Burke's False Claims Act case and an entirely new claim Mr. Burke is seeking to add to this case.  Mr. Burke did not seek any discovery concerning Record Press's counterclaim and, because the parties agreed to bifurcate and stay the counterclaim, the parties are not preparing for trial.

Third, though Mr. Burke suggests he would be prejudiced due to the prospect of a second lawsuit or some tactical disadvantage, neither is sufficient to establish the legal prejudice necessary to deny a motion for voluntary dismissal.  *See*, *e.g.*, *Reetz v. Jackson*, 176 F.R.D. 412, 413 (D.D.C. 1997).

-4-

## **CONCLUSION**

For these reasons Record Press respectfully requests that the Court grant Record Press, Inc.'s Motion to Voluntarily Dismiss Its Counterclaim Without Prejudice.

Date:  March 22, 2011                                 Respectfully submitted,

      /s/ John W. Lomas, Jr.
John G. Horan (DC Bar No. 417729)
William T. O'Brien (DC Bar No. 450891)
John W. Lomas, Jr. (DC Bar No. 976555)
MCKENNA LONG & ALDRIDGE LLP
1900 K Street, N.W.
Washington, D.C.  20006
Phone: (202) 496-7500
Facsimile: (202) 496-7756

Malcolm I. Lewin
MORRISON COHEN LLP
909 Third Avenue
New York, New York 10022
Phone: (212) 735-8600
Facsimile: (212)

*Attorneys for Defendant Record Press, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of March, 2011, the foregoing Record Press Inc.'s Reply Memorandum In Support Of Its Motion To Voluntarily Dismiss Its Counterclaim Without Prejudice was served via the Court's Electronic Filing System ("ECF") on:

> Tyler Jay King, Esq.
> Tyler Jay King Law
> 1400 K Street, N.W., Suite 706
> Washington, D.C. 20005
> Phone: (202) 436-2641
> tyler@tylerkinglaw.com
>
> Darrell C. Valdez, Esq.
> U.S. Attorney's Office
> Judiciary Center Building
> 555 Fourth Street
> Washington, DC 20530
> (202) 307-2843
> darrell.valdez@usdoj.gov

and via United States mail on:

> Mr. Brian T. Burke
> 145 East 23rd St. #4R
> New York, NY 10010
> (212) 614-8515
> briantburke@gmail.com

> /s/ John W. Lomas, Jr.
> John W. Lomas, Jr.