# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

BRIAN BURKE,

                   Plaintiff / Counter-Defendant,

    v.

RECORD PRESS, INC.,

                 Defendant / Counter-Claimant.

Civil Action No. 08-0364
DAR

## ORDER

The Court entered judgment on partial findings in favor of Defendant Record Press, Inc. on June 13, 2013. Judgment (Document No. 93); *see also* Memorandum Opinion (Document No. 91); Order (Document No. 92). In doing so, the Court concluded that "Plaintiff's claims cannot be maintained under controlling law" and made no further findings with respect to Plaintiff's conduct in this litigation. *See* Memorandum Opinion at 8. Defendant, in moving for judgment, based its request on Plaintiff's insufficient evidentiary showing. Trial Transcript, February 14, 2011 (Document No. 90) at 108. Thereafter, Defendant moved for an award of attorneys' fees in the amount of $279,262.00, and "reasonable costs expenses" in the amount of $8,878.94. Defendant Record Press, Inc.'s Motion for Attorney Fees and Expenses (Document No. 94). Plaintiff filed a memorandum in opposition to the motion (Document No. 97), and, apparently in further response to Defendant's motion, moved to alter or amend the judgment. Plaintiff's Motion to Alter or Amend Judgment (Document No. 96). Both Plaintiff and Defendant filed a reply memorandum (Document Nos. 99, 100).

Upon consideration of the full extent of the written submissions, in the context of the entire record herein, the Court finds that neither request for relief is warranted under the applicable authorities.  More specifically, the Court finds that both Plaintiff and Defendant invite the Court either to undertake an entirely new course of litigation regarding issues wholly collateral to the *qui tam* action which now has been litigated and decided, *see, e.g.*, Defendant Record Press, Inc.'s Memorandum of Points and Authorities in Support of its Motion for Attorney Fees and Expenses at 13 (regarding an action for alleged discrimination brought by Plaintiff in the Southern District of New York in 2004), or to make findings with respect to ad hominum attacks on the opposing party, *see, e.g.*, Plaintiff's Motion to Alter or Amend Judgment, Exhibit 1 at 1 ("Defendant, by counsel, has misstated evidence, used misdirection, misquoted, obfuscated, etc. in order to prevail and now retaliate and destroy this blue collar whistleblowing Civil Servant financially via ruinous fines/fees.").  No construction of any federal statute or rule warrants the conclusion that the Court, under the guise of an award of fees and costs, or relief from judgment, must intervene in the ongoing animosity between the parties.  *See, e.g.*, *Slate v. Am. Broad. Cos.*, No. 09-1761, 2013 WL 6713178, at *2 (D.D.C. Dec. 20, 2013) (litigants may not use Rule 59 either to repeat unsuccessful arguments or relitigate old matters); *cf. Robertson v. Cartinhour*, 883 F. Supp. 2d 121, 125 (D.D.C. 2012) (citation omitted) (internal quotation marks omitted) (noting, in the context of a request for attorneys' fees pursuant to 28 U.S.C. § 1927, "that, to warrant such a sanction, the attorney's conduct must be *at least* reckless"), *aff'd*, No. 12-7100, 2014 WL 590507 (D.C. Cir. Jan. 22, 2014); *U.S. ex rel. J. Cooper & Assocs. v. Bernard Hodes Grp., Inc.*, 422 F. Supp. 2d 225, 238 (D.D.C. 2006) (citations omitted) (observing, in the context of request for fees pursuant to 31 U.S.C. § 3730(d)(4), that

"[t]he court can only base an award of attorneys' fees and expenses 'upon a finding that the

plaintiff's action was frivolous, unreasonable, or without foundation'").  It is, therefore, hereby

**ORDERED** that both motions are **DENIED**.


It is, this 31st day of March, 2014,

**SO ORDERED**.

                                                        _____
                                                                    /s/
                                                        DEBORAH A. ROBINSON
                                                        United States Magistrate Judge